| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Agent: | Ward K. Vargo | Telephone: (810) 989-5056 |

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

United States of America
v.
Oscar NAHUN-Pineda

Case: 2:19-mj-30611
Assigned To : Unassigned
Assign. Date : 11/22/2019
Description: RE: OSCAR
NAHUN-PINEDA (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 4, 2019 _____ in the county of _____ St. Clair _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(A) (ii) | Transporting Illegal Alien(s) |

This criminal complaint is based on these facts:

On or about November 4, 2019, in the Eastern District of Michigan, Southern Division, Defendant Oscar NAHUN-Pineda, did knowingly and in reckless disregard of the fact that Jose Jacinto HERNANDEZ-Flores, was an alien who had come to, entered, and remained in the United States in violation of law, transported or moved or attempted to transport or move HERNANDEZ-Flores within the United States by means or transportation or otherwise, in furtherance of such violation of law, in violation of Title 8 United States Code, Section 1324(1)(A)(ii).

☑ Continued on the attached sheet.

_____
Complainant's signature

Ward K. Vargo, Border Patrol Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: _____ 11/22/19 _____

_____
Judge's signature

City and state: _____ Detroit, Michigan _____

David R. Grand  United States Magistrate Judge
Printed name and title

## AFFIDAVIT

1.      I, Ward K. Vargo, am currently employed by the Department of Homeland Security, U.S. Border Patrol as a Border Patrol Agent in Marysville, Michigan. I have been an Agent with the Border Patrol since May 2008. I know the following to be true through personal knowledge and investigation.

2.      The information in this affidavit is presented for the limited purpose of establishing probable cause. This affidavit, therefore, may not contain all of the information gathered during this investigation.

3.      On November 4, 2019, Marysville Border Patrol Station received a call from St. Clair County Sheriff's Office requesting assistance in properly identifying two subjects that they had detained on a traffic stop in Algonac, Michigan. Agent Vargo arrived on scene and met with Deputy Douglas Gorski of the St. Clair County Sheriff Office, who stated he encountered the subjects subsequent to a traffic stop for expired registration. Agent Vargo identified himself as a Border Patrol agent to both subjects, Oscar NAHUN-Pineda (driver) and Jose Jacinto HERNANDEZ-Flores (passenger) and questioned them as to their identity and immigration status.

4.      HERNANDEZ-Flores, whom was sitting in the back seat of the truck, admitted to being a citizen and national of Mexico. HERNANDEZ-Flores stated that he has never possessed any legal U.S. immigration documents allowing him to enter, pass through or remain in the United States legally. NAHUN-Pineda admitted he was a citizen and national of Honduras and that he never had any documents that would allow him to be in or remain in the United States legally. Both subjects were placed under arrest and transported to the Marysville Border Patrol Station for further investigation and processing.

5.      During a custodial interview, HERNANDEZ-Flores stated he flew into Toronto, Ontario, Canada from Mexico approximately one year ago and applied for asylum in Canada. He claimed his asylum hearing is scheduled for June 2020. Further investigation as to his status and pending hearing is being investigated through Canadian Immigration.

6.      HERNANDEZ-Flores stated that while in Toronto he met an unknown Mexican man who introduced him to Jose Gubian (AKA: "Mocho"), a Columbian national. Gubian made the arrangements for HERNANDEZ-Flores to illegally enter the United States from Canada.

1

7.     After the arrangements were made, HERNANDEZ-Flores contacted NAHUN-Pineda, who he was told would be picking him up once he was smuggled into the United States. HERNANDEZ-Flores told NAHUN-Pineda where he would be dropped off, according to information originally provided to him by Gubian.

8.     On November 4, 2019 at 2:00 a.m., HERNANDEZ-Flores was picked up in Toronto and driven to a rendezvous point, where he met with the smuggler. HERNANDEZ-Flores was unable to provide any descriptions of the smuggler or other occupants of the vehicle. When they reached the rendezvous point, HERNANDEZ-Flores placed money on the rear seat and got out of the vehicle. HERNANDEZ-Flores then immediately boarded a boat and quickly left the shoreline. HERNANDEZ-Flores hid in the bottom of the boat to remain out of sight. HERNANDEZ-Flores got off the boat in the United States in a restaurant parking lot, where no vehicles or people were present. HERNANDEZ-Flores was told that when he got to the United States he should walk down the road to meet up with NAHUN-Pineda, his ride in the United States. HERNANDEZ-Flores stated that he ultimately met up with NAHUN-Pineda in the parking lot of the Algonac/Clay Public Library, a short distance from where he was dropped off in the boat.

9.     During a custodial interview, NAHUN-Pineda claimed that he is friends with HERNANDEZ-Flores' brother, Jose Martin HERNANDEZ-Flores. Jose Martin HERNANDEZ-Flores asked NAHUN-Pineda to pick up his brother from a designated location near the river between Canada and the United States and bring him to his residence in Zanesville, Ohio. NAHUN-Pineda stated he was to be paid for fuel money for the transport, and was doing this as a favor. NAHUN-Pineda claims he was planning to take HERNANDEZ-Flores first to his residence in Detroit, Michigan and then to his friend's residence in Ohio. NAHUN-Pineda stated that he knew HERNANDEZ-Flores was in the United States illegally and knew that HERNANDEZ-Flores had crossed the border just before NAHUN-Pineda picked him up. NAHUN-Pineda stated that he was told that HERNANDEZ-Flores would be brought to the United States in a boat by smugglers and dropped off in Algonac, Michigan.

10.     Review of surveillance footage along the Canadian shoreline and the water confirms the timelines, routes, and description of the location of where

2

HERNANDEZ-Flores claims he boarded the boat, route, and where he disembarked in the United States.

12.     Jose Jacinto HERNANDEZ-Flores' fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The record checks did not provide any evidence that Jose Jacinto HERNANDEZ-Flores legally entered the United States after examination and inspection by an immigration officer or had been issued any documentation that would allow him to enter or remain the United States.

13.     The aforementioned arrests and subsequent detention were administrative, non-criminal actions made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

14.     Based on the foregoing, the affiant has probable cause to believe that Defendant Oscar NAHUN-Pineda, a citizen and national of Honduras, did knowingly and in reckless disregard of the fact that Jose Jacinto HERNANDEZ-Flores, was an alien who had come to, entered, and remained in the United States in violation of law, transported or moved or attempted to transport or move HERNANDEZ-Flores within the United States by means of transportation or otherwise, in furtherance of such violation of law, in violation of 8 U.S.C. §1324(a)(1)(A)(ii).

15.     Affiant further believes there is probable cause to believe that Defendant Jose Jacinto HERNANDEZ-Flores, an alien, entered the United States on or about November 4, 2019, at or near Algonac, Michigan, at a time or place other than as designated by immigration officers, and eluded examination and inspection by immigration officers in violation of 8 U.S.C. §1325(a)(1) and (2).

That further affiant sayeth not.

Ward K. Vargo
Border Patrol Agent

3

Sworn to before me and subscribed in my presence on
this 22 day of November, 2019.

David R. Grand
U.S. Magistrate Judge

4